UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARNELL RILEY, | No. CV-06-233-LRS |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| OFFICER BUCHMANN AND OFFICER PEGRAM, | |
| Defendants. | |

On November 20, 2007, Defendants filed a Motion For Dismissal Or, In The Alternative, Summary Judgment (Ct. Rec. 26) seeking judgment on the Plaintiff's 4th Amendment excessive force claim. This is the sole claim alleged in Plaintiff's complaint. The motion was noted for hearing without oral argument on January 11, 2008.

Plaintiff has not filed a response to the motion. It appears that at the March 7, 2007 telephonic scheduling conference conducted in this matter, Plaintiff advised the court of a new address at Washington Corrections Center (WCC) in Shelton, Washington. This new address was unfortunately not officially put into the court's system until January 31, 2008. It is inconsequential, however, in light of the fact that Defendants did attempt to serve their motion on the Defendant at WCC. According to Laurie Farnsworth, an assistant to counsel for Defendants, the last known address for the Plaintiff, as of March 1, 2007, was WCC. Farnsworth says she contacted

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 1**

WCC on November 15, 2007 and was informed that Plaintiff had been released from custody on April 2007 and was no longer in custody in any Washington State correctional facility. (Ct. Rec. 32). A copy of this court's January 7, 2008 "Order Vacating Remaining Pre-Trial Dates And The Trial Date" (Ct. Rec. 40) was sent to the Plaintiff at WCC. The Plaintiff is obligated to keep the court and opposing counsel apprised of any changes in his address and in his custody status. He has failed to do so and therefore, his failure to respond to Defendant's motion cannot be excused. The last time the Plaintiff had any contact with the court or opposing counsel was during the telephonic scheduling conference conducted on March 7, 2007. It is likely that Plaintiff has not been served with Defendants' motion, but the Plaintiff bears sole responsibility for that in failing to keep the court and counsel apprised of his current address. Plaintiff is in default.

A failure to timely file a memorandum of points and authorities in opposition to any motion may be considered by the court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default. LR 7.1(h)(5). Furthermore, pursuant to LR 56.1(d), in determining any motion for summary judgment, the court may assume the facts claimed by the moving party are admitted to exist except as and to the extent such facts are controverted by a statement of material facts filed by the non-moving party. Plaintiff, the non-moving party, has not filed a statement of material facts.

Based on LR 7.1(h)(5) and the uncontroverted statement of material facts (Ct. Rec. 28)[1] and memorandum of points and authorities (Ct. Rec. 27) filed by the Defendants, said Defendants' Motion For Summary Judgment (Ct. Rec. 26) is **GRANTED**. The undisputed facts reveal that Defendants did not use excessive force against the Plaintiff. Defendants are awarded judgment on the 4th Amendment

---

[1] As supported by the affidavits of Paul Buchmann (Ct. Rec. 29), Shawn Pegram (Ct. Rec. 30), and David S. McClellan, M.D. (Ct. Rec. 31).

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 2**

1 excessive force claim asserted against them by Plaintiff in the Plaintiff's complaint.

**IT IS SO ORDERED**. The District Executive is directed to enter judgment accordingly and forward copies of the judgment and this order to counsel for Defendants and to the Plaintiff at his last known address: Darnell Riley, #967760, Washington Correction Center, P.O. Box 900, Shelton, WA 98584-0974..

**DATED** this   3rd    of March, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 3**